(No. 35903.—▬▬▬▬▬▬)

Frederick J. Anthony, Appellant, *vs.* Irene B. Anthony
*et al.,* Appellees.

*Opinion filed December 1, 1960.*

Roger V. Pierson, of Princeton, for appellant.

R. K. Rainey, of Princeton, and Gregg A. Young, of Kewanee, for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

Frederick J. Anthony brought suit in the circuit court of Bureau County to set aside the will of his grandfather, Frederick Anthony, deceased, on the grounds of undue influence and lack of mental capacity. After a hearing without jury the chancellor entered a decree upholding the will. A freehold being involved, the plaintiff appeals directly to this court.

Irene B. Anthony, the principal defendant, is a daughter of the testator and resided with him on his farm near Wyanet, Illinois, until his death on January 26, 1959. She married one Ben Johnson on March 6, 1959. Plaintiff's father, Leo Anthony, operated the farm as a tenant until he died; and thereafter the plaintiff operated it, occupying the tenant house, until 1957, when he moved away. It was then leased to another tenant. The defendant had been em-

ployed until May 30, 1948. On that date she quit her employment and stayed home with her father. He paid her one half of his landlord's share of the farm income.

At the time of his death the testator was 96 years of age. The will in question, which was executed on February 16, 1957, about two years prior to his death, bequeathed a total of $7,000 to the plaintiff, made a $1,000 bequest to one Foster Yochem, and left the residue of the estate to defendant Irene B. Anthony. She was also named executor. A week before the will was signed, the testator, who had been suffering from nephritis and other ailments, consulted a physician and was advised to go to a hospital. On the way to the hospital he stopped at the home of his attorney and conferred with him, in the automobile, about making some changes in his existing will. The defendant had accompanied her father but had gone into the house and was not in the car during the conversation. On February 16 defendant took him to the law office, where the will in question was executed. Although she went to the door of the conference room she was not present at the signing of the instrument.

On the question of undue influence the plaintiff relies on the presumption arising from a fiduciary relationship. Where such a relationship is shown in which the beneficiary is the dominant party, proof that he was directly connected with the making of the will by its preparation, or by participating in its preparation and execution, estabishes *prima facie* the charge that the will resulted from undue influence. (*Peters* v. *Catt,* 15 Ill.2d 255; *Redmond* v. *Steele,* 5 Ill.2d 602; *Mitchell* v. *Van Scoyk,* 1 Ill.2d 160.) The plaintiff's evidence on this issue consists of the testimony of some seven witnesses to the effect that defendant handled the testator's business. She ordered and paid for repairs and maintenance on the farm, wrote checks on the farm account, signed her father's name to leases or renewals of leases, and had access to his safety deposit box. She also helped

with his personal affairs, engaged a companion for him, paid doctor bills, selected the hospital to which he should go, and drove the car for him. It is argued that in view of the testator's age and disability, such facts are sufficient to invoke the rule referred to and place the burden on defendant to show the will was his free and voluntary act.

There is little doubt that the testator bore a very close and confidential relationship with the defendant. He reposed confidence in her, entrusted her with his business affairs, and depended upon her to care for many of his physical requirements. But even granting the existence of a fiduciary relationship in which defendant was the dominant party, there is nothing to show that she procured the will or participated in its preparation and execution. The presumption of undue influence arises not from the mere fact of a fiduciary relationship, but from participation in procuring execution of the will. (*Redmond* v. *Steele,* 5 Ill.2d 602; *Lake* v. *Seiffert,* 410 Ill. 444; *Ginsberg* v. *Ginsberg,* 361 Ill. 499.) The only facts shown here to connect defendant with the making of this will are that she drove the automobile when the testator stopped at his attorney's home on the way to the hospital, that she took him to the law office on the day the will was signed, and that she was present in the outer office when the will was executed. There is no proof that she discussed a will with him or his attorney, that she persuaded him to go to the attorney for such purpose, or that she was otherwise instrumental in procuring the will. The trial court properly found that the proof failed to show undue influence.

It is further contended that the decree is against the manifest weight of the evidence on the issue of testamentary capacity. Five witnesses on plaintiff's behalf, including a doctor who had periodically treated the testator for his physical ailments, testified to the effect that he was not of sound mind. On defendant's behalf eleven witnesses, including the attorney who prepared the will and a physician who

had examined the testator on one occasion, testified that he was of sound mind. It is unnecessary to relate in detail the evidence on this question, since it is in conflict and is clearly sufficient to sustain the decree when considered in its aspects most favorable to defendant.

The law requires that a testator have sufficient mental capacity to know the natural objects of his bounty, to comprehend the nature of his property and the particular business in which he is engaged, and to make disposition of his property according to some plan formed in his mind. It is not necessary, however, to be of absolutely sound mind in every respect in order to have sufficient mental capacity to make a will. (*Peters v. Catt,* 15 Ill.2d 255.) Evidence in the case at bar that the testator was afflicted with arteriosclerosis and nephritis, that at times he was forgetful or failed to immediately recognize some of his relatives, and that he suffered other limitations usually associated with persons of advanced age, is not sufficient to require a finding that he could not comprehend the objects of his bounty or dispose of his property according to some plan formulated in his mind. The trial judge saw the witnesses and heard their testimony. He doubtless took into consideration their interest or lack of interest, their demeanor while testifying, and all of the other factors affecting the weight and credibility to be given their testimony.

Plaintiff complains that certain witnesses for defendant were permitted to testify as to testator's soundness of mind without detailing sufficient conversations or facts upon which to base their opinions. The rule is that a person who is not an expert may give his opinion concerning the mental capacity of a testator only if it appears that such witness was acquainted with him and relates facts and circumstances which afford a basis for the opinion. (*Ginsberg v. Ginsberg,* 361 Ill. 499.) However, the question whether the facts stated form a sufficient basis for the opinion is within the discretion of the trial court. Unless there is an abuse of

discretion the admission of such testimony will not require a reversal of the decree. (*DeMarco* v. *McGill*, 402 Ill. 46.) The plaintiff has failed to show an abuse of discretion here.

We have considered other contentions of the plaintiff alleging error in rulings on the evidence, but find them to be without sufficient merit to warrant discussion. The decree of the circuit court is affirmed.

*Decree affirmed.*