SHERRY DENISE O'BRIEN, Plaintiff-Appellant, v. KEVIN HERTL, Defendant-Appellee.

First District (6th Division) No. 1—92—0757

Opinion filed October 30, 1992.—Rehearing denied December 10, 1992.

---

Sheldon Hodes & Associates, of Chicago (Leonard D. Litwin, of counsel), for appellant.

Thomas H. Riley III, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Sherry Denise O'Brien, filed a negligence action for injuries she received while riding as a passenger in a vehicle driven by defendant, Kevin Hertl. The jury returned a verdict in favor of defendant, and the trial court entered judgment on the verdict. The trial court denied plaintiff's motion for judgment *n.o.v.* and motion for a new trial. Plaintiff appeals, contending that the jury verdict was against the manifest weight of the evidence; plaintiff's motion for a directed verdict and for judgment *n.o.v.* should have been allowed; the trial court improperly refused plaintiff's proffered jury instructions; improperly denied plaintiff's motion *in limine* prohibiting testimony concerning her alcohol consumption; and erred in not allowing a photographic exhibit to go to the jury.

The following relevant facts were adduced at trial. On May 9, 1985, plaintiff, age 17, was a front-seat passenger in a four-wheel-drive jeep driven by defendant. Defendant was test driving the vehicle owned by Dennis Frye in a wooded public area known as the William Powell Conservation Area. Defendant had driven in this area, which consisted of a number of trails, on prior occasions. He was aware of the presence of ditches near the trails.

The facts of the accident, which occurred at 11:30 p.m., are undisputed. Defendant, Frye, plaintiff, and another passenger, Vicki Czubak, were in the vehicle when defendant went off a trail into a concrete area. Defendant sighted the next trail he intended to traverse and began driving the jeep in that direction. Operating headlights were illuminating the area in front of defendant's vehicle. Defendant began to travel over a grassy area at a speed of 15 to 25 miles per hour when he entered a ditch. Defendant stated that he did not see the ditch because it looked to him as though he were entering a level area, and that the grass was growing and made it appear as though it were an even patch of grass. None of the other passengers, including plaintiff, saw the ditch before impact.

Plaintiff testified that when she first entered the jeep, she stood in the back and held onto a roll bar. Plaintiff estimated that defendant was driving approximately 20 miles per hour. She later moved to the front passenger seat because she felt that defendant was driving too fast for the terrain. Plaintiff saw a tree and screamed prior to the moment of impact. Plaintiff sustained injuries to her face and mouth as a result of the accident.

Prior to trial, plaintiff filed a motion *in limine* to preclude any testimony concerning evidence of consumption of alcohol by any of the parties or witnesses. The trial court denied plaintiff's motion, and permitted the introduction of evidence as to the consumption of alcohol by plaintiff and Czubak for the purpose of impeaching their ability to remember and recall the events which occurred on the night of the accident.

Plaintiff testified that she had consumed 3½ cans of beer prior to the accident; however, she did not consider herself intoxicated. Czubak also drank approximately the same amount of alcohol on the night of the accident. Defendant stated that plaintiff was "kind of stumbling, giggling, [and] smelled of alcohol." Defendant also saw plaintiff drink a can of beer. Defendant testified that in his opinion, plaintiff was intoxicated. Defendant also testified that Czubak smelled of alcohol, her eyes were red, and that she was also intoxicated. Plaintiff did not object to defendant's opinion testimony that he considered plaintiff and Czubak intoxicated.

Plaintiff's first argument on appeal posits that the evidence in this case required the trial court to grant her motion for a directed verdict or, alternatively, for judgment *n.o.v.* Plaintiff correctly cites *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, for the proposition that verdicts ought to be directed and judgments *n.o.v.* granted in cases where all of the evidence viewed in the aspect most favorable to the opponent so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand.

Plaintiff argues that defendant failed to keep a proper lookout for the ditch despite his knowledge that ditches existed in the area. Plaintiff also contends that since the accident involved only the jeep being driven by defendant, there must have been negligence on defendant's part unless the occurrence could be deemed an unavoidable accident.

As support for her position, plaintiff relies upon *Williamson v. City of Springfield* (1984), 125 Ill. App. 3d 361, 465 N.E.2d 1035, which holds that the law does not permit the driver of an automobile to blindly proceed down a roadway and then claim that he looked and did not see. We find, however, that the present case is factually distinguishable from *Williamson,* because in that case the 82-year-old plaintiff was struck in an intersection by the defendant's automobile during the morning hours. The court noted that the evidence established the road upon which defendant was travelling was straight and level; his view was apparently unobstructed; and he did not see the plaintiff in time to avoid the accident.

Moreover, questions of proper lookout and speed appropriate to conditions are generally questions for the jury to decide. (*Chevrie v. Gruesen* (1991), 208 Ill. App. 3d 881, 567 N.E.2d 629; *Toney v. Mazariegos* (1988), 166 Ill. App. 3d 399, 519 N.E.2d 1035.) In this case, we find the clear presence of a question for the jury as to whether defendant's entry into the ditch was an act of negligence. (*Thomas v. Northington* (1985), 134 Ill. App. 3d 141, 479 N.E.2d 976; *Zerbenski v. Tagliarino* (1978), 67 Ill. App. 3d 166, 384 N.E.2d 753.) Questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide, and become questions of law only when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.

■ In this case, defendant testified that he did not see the ditch, because it looked to him as though he were entering a level area and that the grass growth made it appear as though it were an even patch of grass. The headlights of the vehicle were operating, and it does not appear as though defendant was travelling at an excessive speed when he entered the ditch. We also note that none of the other passengers, including plaintiff, saw the ditch prior to impact. Thus, we cannot say that the inferences which might reasonably be drawn from this evidence so overwhelmingly favor the plaintiff that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 229 N.E.2d 504.) Accordingly, plaintiff's motion for a directed verdict or a judgment *n.o.v.* was properly denied.

Plaintiff next contends that the trial court erred in denying her motion for a new trial. Plaintiff essentially repeats her earlier argument that characterizes defendant's testimony as self-serving and unrealistic in view of the fact that he had driven in the area on previous occasions and was generally aware of the presence of ditches.

■ It is within the sound discretion of the trial court whether to grant a motion for a new trial, and absent a clear abuse of that discretion, its decision will remain undisturbed. (*Villa v. Crown Cork & Seal Co.* (1990), 202 Ill. App. 3d 1082, 560 N.E.2d 969.) The relevant inquiry, when such a motion is presented, is whether the verdict rendered is against the manifest weight of the evidence. (*Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32.) A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence. (*Monier v. Winkler* (1987), 158 Ill. App. 3d 724, 511 N.E.2d 246.) Upon review of the rec-

ord, we find sufficient evidence exists to support the jury's verdict and that the trial court properly denied plaintiff's motion for a new trial.

■ Plaintiff next contends that the trial judge erred in refusing to give plaintiff's proffered jury instructions. Specifically, plaintiff complains that Illinois Pattern Jury Instructions, Civil, No. 20.01 (Supp. 1989) (hereinafter IPI Civil 2d No. 20.01 (Supp. 1989)), which instructs the jury on plaintiff's theory and contained the term "joy riding," should have been given; and that Illinois Pattern Jury Instructions, Civil, No. 70.01 (Supp. 1990) (hereinafter IPI Civil 2d No. 70.01 (Supp. 1990)) defining the duty of every driver using a *public highway* to exercise ordinary care should have been allowed.

The purpose of jury instructions is to advise the jury of the correct principles of law to be applied to the evidence admitted at trial. (*Brandt v. Uptown National Bank* (1991), 212 Ill. App. 3d 621, 571 N.E.2d 531; *La Salle National Bank v. City of Chicago* (1985), 132 Ill. App. 3d 607, 478 N.E.2d 417.) While the trial court has considerable discretion in determining the form of the instruction to be given, the instructions given must be supported by some evidence in the record, they must correctly state the law, and they must not overemphasize any particular matter. (*Ramos v. Pankaj* (1990), 203 Ill. App. 3d 504, 561 N.E.2d 744.) Moreover, a reviewing court will not reverse a trial court for erroneously refusing an instruction unless prejudice has resulted. *Malek v. Lederle Laboratories* (1984), 125 Ill. App. 3d 870, 466 N.E.2d 1038.

Review of the jury instructions reveals that the jury was adequately apprised of the issues in this case. IPI Civil 2d No. 20.01 (Supp. 1989) stated plaintiff's allegation that defendant traveled at a rate of speed greater than proper with regard to conditions; that he failed to keep his vehicle under control; and failed to keep a proper lookout. We do not find that the court's exclusion of the term "joy riding" unduly prejudiced plaintiff. We also find that the court correctly decided that the accident did not occur on a public highway, since the evidence adduced at trial established that the accident took place in a wooded public area and therefore did not comport with the definition of a "public highway." IPI Civil 2d No. 70.01 (Supp. 1990).

■ Plaintiff also contends that the court erred in permitting evidence of consumption of alcohol by plaintiff and Czubak. Plaintiff relies upon *Gilberto v. Nordtvedt* (1971), 1 Ill. App. 3d 677, 274 N.E.2d 139, wherein this court held that when intoxication was not an issue, the portion of a deposition in which a witness stated that defendant's decedent had one can of beer at a party just prior to an

accident should have been stricken as irrelevant evidence. Plaintiff also cites *Warp v. Whitmore* (1970), 123 Ill. App. 2d 157, 260 N.E.2d 45, where this court held that a motion to strike evidence bearing on intoxication was properly allowed where plaintiff passengers injured in a collision with defendant's automobile did not introduce any evidence of intoxication apart from evidence that defendant admitted to having one drink. We find these two cases to be factually distinguishable from the present case, however, for in each instance, it was the defendant drivers, and not the plaintiffs' intoxication, who were at issue. We also note parenthetically that in each instance, the court held that the introduction of such irrelevant evidence was insufficient cause for reversal.

It is well established that after a proper foundation has been established, a witness can testify as to his opinion regarding the state of intoxication of another person. (*Tate v. Coonce* (1981), 97 Ill. App. 3d 145, 421 N.E.2d 1385; *Grant v. Paluch* (1965), 61 Ill. App. 2d 247, 210 N.E.2d 35; *Vandeveer v. Preston* (1957), 13 Ill. App. 2d 29, 140 N.E.2d 521.) It is within the discretion of the trial court as to what constitutes a sufficient basis for a nonexpert to render an opinion based on intoxication. (*Tate v. Coonce*, 97 Ill. App. 3d 145, 421 N.E.2d 1385.) In the present case, both plaintiff and Czubak admitted to drinking over three cans of beer on the night of the accident. Defendant drove around with plaintiff for approximately 45 minutes to 1 hour prior to the accident, and testified that she was stumbling, giggling, smelled of alcohol, and also that he saw her drink a can of beer. Thereafter, defendant testified that, in his opinion, plaintiff was intoxicated. We find that the facts in this case indicate that defendant had ample opportunity to observe plaintiff, and therefore, his opinion testimony was proper.

Moreover, as the trial judge stated, evidence of consumption of alcohol is relevant for the purpose of impeaching plaintiff's ability to accurately recall the events surrounding the accident. Each party is entitled to present evidence which is relevant to his theory of the case, as well as evidence which tends to show conduct inconsistent with his opponent's theory. (*Dayan v. McDonald's Corp.* (1984), 125 Ill. App. 3d 972, 466 N.E.2d 958.) The determination of relevancy of evidence is largely within the discretion of the trial court, and reversal of its decision is not warranted absent abuse of that discretion. (*Chapman v. Brokaw* (1992), 225 Ill. App. 3d 662, 588 N.E.2d 462.) We do not find that the trial court abused its discretion in admitting evidence of the consumption of alcohol by plaintiff and Czubak.

Plaintiff finally contends that the court erred in not permitting plaintiff's photograph of the ditch to accompany the jury into deliberations. The photograph was introduced into evidence and was viewed by the members of the jury during closing arguments. While Czubak testified that the ditch depicted in the photograph was in fact the ditch where the accident occurred, she testified that the length of the grass was not the same as it looked on the night of the accident. Defendant testified that the photograph did not portray the subject ditch. There was no other testimony by any of the witnesses to indicate that it was the specific ditch as it appeared on the night of the accident. As such, we find that the trial court did not commit error in refusing to permit the photograph to go to the jury during their deliberations.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and RAKOWSKI, J., concur.