WILLIAM R. HAYES, Plaintiff-Appellee, *v.* ABERNATHY TAXI ASSOCIATION, INCORPORATED *et al.,* Defendants-Appellants.

(No. 56028;

First District—October 31, 1972.

Alan P. Miller and John D. Norcross, both of Chicago, (Ellis B. Rosenzweig, of counsel,) for appellants.

Jesmer and Harris, of Chicago, (Julius Jesmer, Robert D. Jesmer, and Morton A. Kier, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This action originated with plaintiff's complaint against two groups of defendants: Abernathy Taxi Association (Abernathy Taxi) and its driver, Major Trass, and Central Wisconsin Motor Transport Company (Central) and its driver, Doc Klingensmith. Plaintiff, a driver for Checker Taxi Cab Co., alleged in the complaint that in 1965 he was injured when the truck driven by Klingensmith struck the cab operated by Trass, which, in turn, struck plaintiff as he stood behind his own cab. Plaintiff received Workmen's Compensation benefits totalling $6165.75. Prior to the commencement of the trial, City Mutual Insurance Co. (City Mutual), Workmen's Compensation carrier and subrogee of plaintiff's employer, served on all parties a Notice of Lien stating that by authority of Section 5 of the Illinois Workmen's Compensation Act,* it possessed a lien upon any settlement or judgment obtained by plaintiff. After trial commenced, but before plaintiff rested his case, defendants Central and Klingensmith chose to settle. The settlement terms were as follows: plaintiff received $6334.25 in return for his covenant not to sue those defendants, and City Mutual received $6165.75 in return for the release of its lien. Despite the urgings of the trial court, the remaining defendants chose not to settle. The case was submitted to the jury as to all four defendants. The jury found for defendants Klingensmith and Central, both of whom had settled, but against defendants Abernathy Taxi and Trass. Damages were assessed at $23,000. In their post-trial motion Abernathy Taxi and Trass requested that $12,500 be set off from the verdict to reflect the sums received by plaintiff pursuant to his settlement. The trial court allowed a setoff of $6334.25, the amount paid for plaintiff's covenant not to sue, but denied the further requested setoff of $6165.75, the amount paid to City Mutual for release of its lien. Defendants appeal from the order limiting the setoff to $6334.25.

OPINION

■■■ In Illinois it is established law that settlement amounts paid by less than all tortfeasors in return for a covenant not to sue must be set off against any judgment incurred by the other tortfeasors. (*Delude v. Rimek*, 351 Ill.App. 466, 115 N.E.2d 561.) To give full effect to this salutary principle, it is clear that setoffs are appropriate not only when money passes directly into the hands of plaintiffs, but also whenever direct benefits accrue to plaintiffs through the payment of money to third parties. To illustrate, if defendants Central and Klingensmith had paid $6165.75 to plaintiff's physician in satisfaction of his claim for services

---

* Ill. Rev. Stat. 1971, ch. 48, par. 138.5b.

rendered, that amount would benefit plaintiff directly. Similarly, plaintiff would benefit directly if settlement payments were made to any of his other creditors. Setoffs would be appropriate in such cases.

■■ In the case at bar, we believe that City Mutual occupied a position analogous to that of a creditor. As subrogee of plaintiff's employer, it was entitled to payments from any settlement or judgment in an amount equal to the compensation paid to plaintiff as Workmen's Compensation benefits—$6165.75. Thus, if the lien had not been released by City Mutual, the first $6165.75 of any settlement or satisfaction of judgment would have been claimed by City Mutual and would not have benefited plaintiff. However, since City Mutual released its lien, for value received, the amounts received by plaintiff as settlement payments were free from that lien and inured totally to his benefit. Consequently, we believe that the sum paid to City Mutual in return for its release constituted a direct benefit to plaintiff which should have been set off against the verdict of the jury. Allowing such a setoff would still result in a net recovery by plaintiff of $23,000—$6165.75 from Workmen's Compensation benefits, $6334.25 from defendants Central and Klingensmith and $10,500 from defendants Abernathy Taxi and Trass. Since the jury assessed damages at $23,000, plaintiff would be fully compensated for his loss.

This cause is reversed and remanded for entry of an order allowing defendants' motion for a setoff in the amount of $12,500.

Reversed and remanded with directions.

SCHWARTZ and LEIGHTON, JJ., concur.