VOLVO OF AMERICA CORPORATION, Plaintiff-Appellee, *v.* JONATHAN H. GIBSON *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 79-1197

Opinion filed April 15, 1980.

Gerald A. Prendergast and Richard J. Prendergast, both of Chicago, for appellants.

Frank Associates, Ltd., and Thomas L. D'Albani, both of Chicago (Maurice A. Frank, of counsel), for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Volvo of America Corporation (hereinafter "Volvo"), lessor, brought an action for breach of an automobile leasing contract against Jonathan H. Gibson, lessee (hereinafter "lessee"), and James H. Gibson, personal guarantor of lessee's obligation (hereinafter "guarantor"). Judgment was entered for Volvo after a bench trial in the amount of $2,927. Defendants' post-trial motion for a new trial asserted that testimony concerning a prior automobile leasing agreement between the same parties was improperly excluded and that a motion for a continuance in order to amend the answer had been improperly denied. The post-trial motion was denied and defendants appeal therefrom, presenting those two issues for review. For the reasons set forth below, we affirm.

Volvo's complaint, filed on August 15, 1977, alleged in count I that: it had entered into a written automobile leasing contract with lessee, a copy of which was attached to the complaint as an exhibit; it had done all things required of it under the contract; and lessee wrongfully abandoned the car and refused to make further payments under the contract, resulting in $2,927 in damages to Volvo. Count II alleged the guarantor's liability by reason of lessee's default, and a copy of the guarantee was also attached as an exhibit. Count III sought $5,000 punitive damages from lessee.

Summonses were issued for both defendants requiring their appearances on September 12, 1977. The guarantor was served with process but failed to appear. The summons issued for lessee was returned "not found." On February 2, 1978, Volvo secured a default judgment for $2,927 against the guarantor, which was subsequently vacated on February 15, 1978. That day, both defendants filed answers to the complaint. Lessee admitted allegations in the complaint addressed to the existence of the contract; denied allegations concerning abandonment and refusal to pay; and denied Volvo's allegation that it had done all

things required of it under the contract. As to count II, the guarantor admitted the existence of the personal guarantee but denied lessee's default. With respect to count III, lessee denied that he was in breach. No affirmative defenses were then pleaded as authorized by section 43(4) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 43(4)), nor any Supreme Court Rule 133(c) facts supporting defendant's denial of plaintiff's condition precedent allegations. Ill. Rev. Stat. 1977, ch. 110A, par. 133(c).

The bench trial was conducted on April 25, 1979. No verbatim report of proceedings was recorded. A proposed report of proceedings agreed to by the parties was certified by the trial court pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)), which revealed the following operative facts and circumstances.

The parties stipulated to the existence of the leasing and guarantee contracts. Volvo then called lessee as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60). He testified that under the contract he had agreed to lease a 1976 Volvo automobile for 36 months at $228 per month. He was aware of a contract option, which became effective by paying an additional fee, whereby Volvo would provide him with a substitute automobile during maintenance of the leased car; he did not exercise this option. He took possession of the car on August 18, 1976, but made lease payments only for the months of August, September, October and November of 1976. The car developed a transmission problem on January 13, 1977, and he directed Lee Callan Imports, an authorized Volvo dealer, to tow it in for repairs. This dealer was chosen by lessee because of its convenience to him. He understood that under the warranty provision of the lease agreement the transmission would be repaired free of charge.

The dealer advised lessee that it was experiencing difficulty securing the necessary transmission parts. When he leased the car, he knew that it was manufactured in Sweden. After January 27, 1977, he never returned to the dealer to take possession of the car. His refusal to make payments to Volvo since November 1976 was unchanged, although he understood the lease requirement of 36 monthly payments. He received a letter dated March 8, 1977, from Volvo, received in evidence, which advised him that Volvo would waive two weeks of the payment due January 1977, the period of time the automobile was being repaired and was not available to him. He made no further effort to contact Volvo regarding the automobile or to attempt any further reduction in his obligation to make payments by reason of any other trouble or inconvenience caused him by virtue of the transmission problem.

On examination by his own counsel, lessee testified that he used the car in connection with his employment. When the car was not repaired in

two weeks he became upset and abandoned it because of previous automobile problems he experienced with a different vehicle leased from Volvo under a previous lease agreement. He felt justified in making no further lease payments for the same reason. The report of proceedings indicates that counsel then asked questions concerning problems the lessee had with the other automobile leased under the prior lease with Volvo, to which line of questioning Volvo's objection was sustained. The report of proceedings does not indicate what questions were asked, nor what answers would have been given by lessee had he been allowed to testify.

Lessee was then called by the defense in its own behalf and he was again questioned by his counsel concerning the prior contract. Volvo objected, asserting that such testimony was irrelevant, and that if the testimony was being elicited to establish an affirmative defense it would be inadmissible in any event because no affirmative defense had been pleaded, in violation of section 43 of the Civil Practice Act and Supreme Court Rule 133(c). The trial court observed that the answer was a general denial. Defense counsel acknowledged that he should have set forth affirmative defenses in the answer and requested a continuance and a new trial date, but did not set forth why a new trial date was necessary, nor did he request leave of court to amend his answer instanter or within any fixed time period. The trial court took notice that this 1977 municipal case had come to trial on a number of previous occasions and denied the defense motion for a new trial date but made no ruling on the filing of an amendment to the answer or an amended answer.

Counsel for the defense then informed the court that lessee's testimony would relate to a number of separate incidents concerning a prior contract and another automobile that was leased by lessee from Volvo. No formal or informal offer of proof was made concerning the nature of any defense that lessee would attempt to raise through that testimony justifying his breach of the present lease agreement or its relevancy to the defective condition of the present automobile.

After closing arguments, the trial court found both defendants liable to Volvo for $2,927 and entered judgment thereon. Guarantor had been subpoenaed for trial but had not appeared. Defendants filed a post-trial motion for a new trial, but did not tender a proposed amended answer or amendment to their answer to the court at that time. The post-trial motion stated that the excluded testimony would have concerned numerous mechanical problems experienced with the previous automobile under the prior leasing contract, which would have been "* * * relevant and material to his justification for refusing further payment * * *" and abandonment of the present vehicle.

Defendants assign error in the exclusion of the prior contract

testimony because it would have established that Volvo's conduct under the prior lease and its previous relationship with defendant demonstrate that Volvo had not substantially performed under the leasing contract at issue, and that defendants anticipated repudiation of the contract by Volvo. Volvo maintains that the propriety of this evidentiary ruling was not properly preserved for appeal because defendants failed to make a sufficient offer of proof. Alternatively, Volvo asserts, that even had there been an offer of proof it would have related solely to an affirmative defense, yet none was pleaded; and that defendants have suggested no defense to which this testimony would have been relevant or material in any event.

■■ The purpose of an offer of proof is to inform the trial court, opposing counsel, and a court of review of the nature and substance of the evidence sought to be introduced. (*People v. Rosa* (1977), 49 Ill. App. 3d 608, 364 N.E.2d 389; *In re Estate of Minsky* (1977), 46 Ill. App. 3d 394, 360 N.E.2d 1317.) In order to appeal a ruling of the trial court which excludes evidence, a formal offer of proof is required unless it is apparent that the trial court clearly understood the nature and character of the evidence sought to be introduced (*Schusler v. Fletcher* (1966), 74 Ill. App. 2d 249, 219 N.E.2d 588), or where the questions themselves and the circumstances surrounding them show the purpose and materiality of the evidence. (*Creighton v. Elgin* (1944), 387 Ill. 592, 606, 56 N.E.2d 825. See also *People v. Stokes* (1977), 49 Ill. App. 3d 296, 299, 364 N.E.2d 300.) The opinion in *Hession v. Liberty Asphalt Products, Inc.* (1968), 93 Ill. App. 2d 65, 71, 235 N.E.2d 17, is instructive with regard to the degree of specificity required in an offer of proof:

> "To some extent, the requisite formality of an offer of proof will depend upon the circumstances of the particular case. Where it is obvious that the witness is competent to testify to a fact, and it is obvious what his testimony will be if he is permitted to give it, a brief statement by counsel may suffice. [Citation.] * * * [H]owever, where it is by no means clear what the witness will say, or what his basis will be for saying it, the offer of proof must be considerably more detailed and specific * * *. Only in this way can a reviewing court know what was excluded and determine whether the exclusion was proper."

In the instant case, the certified report of proceedings does not indicate what questions were addressed to the witness, but rather states only that they concerned another contract involving a different automobile. Nor does the record indicate what answers would have been given had the witness been allowed to testify. Assuming, *arguendo*, that the trial court had been adequately advised of lessee's previous conduct theory: that Volvo had failed to perform under the previous lease and he was justified

in his belief that it similarly would not perform under the instant lease, the court had no basis upon which to infer any circumstances demonstrating repair problems of the magnitude experienced with the previous automobile. Nor did the court have any indication of a mutual desire to terminate the lease as in the previous contract situation; to the contrary, the March 8, 1977, letter written by Volvo and received by lessee insisted that lessee continue with his lease obligations. The court also had before it uncontradicted evidence of lessee's two-month rental arrearage prior to any difficulty he experienced with the present automobile. This posture of the evidence left the trial court with an insufficient basis upon which to infer the existence of a viable defense, affirmative or otherwise, in the absence of an explicit offer of proof. Counsel's explanation, "that when the car was abandoned it was repaired immediately in one day after sitting for two weeks provided [*sic*] a sufficient basis for the Court * * *" to find justification for the abandonment and refusing further payments on the lease, is equally vague and insufficient as a basis for a defense to this action. The foregoing facts demonstrate the inapplicability of *Beatrice Foods Co. v. Gallagher* (1964), 47 Ill. App. 2d 9, 197 N.E.2d 274, upon which defendants rely. The similarity of conduct of the parties there invoked under two separate agreements relating to the same subject matter was sufficiently probative to be considered; the dissimilarities of conduct in the instant case as detailed above raised a serious question as to relevancy and materiality of the previous contract without greater specificity. From the foregoing we are unable to find that the proposed evidence should have been received or that prejudice resulted from its exclusion. *People v. Clark* (1956), 9 Ill. 2d 400, 407, 137 N.E.2d 820; *O'Brien v. Walker* (1977), 49 Ill. App. 3d 940, 949-50, 364 N.E.2d 533; and *People v. Stokes* (1977), 49 Ill. App. 3d 296, 299, 364 N.E.2d 300.

▬▬ Defendants contend that they requested leave to amend the answer both at trial and in the post-trial motion. The former contention is not supported by the record and, even if it were, at no time was a proposed amendment to the answer or an amended answer tendered to the trial court. Defendants assert their right to add an affirmative defense to which the prior contract testimony would have been relevant, citing numerous cases which have held that amendments to the pleadings should be liberally allowed in order to enable a party to fully present his case. The principle is correctly stated; however, there can be no finding that the trial court abused its discretion in denying leave to amend when no proposed amended pleading was ever tendered to it. (*Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 285, 170 N.E.2d 147; *Erzrumly v. Dominick's Finer Foods, Inc.* (1977), 50 Ill. App. 3d 359, 362-63, 365 N.E.2d 684; *Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 435-36, 318 N.E.2d 162; and *Atlee Electric Co. v. Johnson Construction Co.* (1973), 14 Ill. App. 3d 716, 722,

303 N.E.2d 192.) The holding in *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167, of which defendants take particular note, reveals that the affirmative defense there offered constituted a complete defense to the action, was strongly supported by the evidence and the proposed amendment was tendered in writing to the court at the close of plaintiff's case, circumstances absent in the case at bar. We are obliged to assume that the action of the trial court in the instant case was properly within its discretion. *Hassiepen*, at 436; *Atlee Electric Co.*, at 722.

For the reasons aforesaid the judgment of the circuit court must be affirmed.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.