M. LOEB CORPORATION, Plaintiff-Appellee, *v.* EUGENE W. BRYCHEK *et al.*, Defendants-Appellants.

First District (4th Division)    No. 80-1026

Opinion filed July 9, 1981.—Rehearing denied August 27, 1981.

Idarius, Hoard, Dranias & Karp, of Chicago, for appellants.

Sidley & Austin, of Chicago, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The defendants, Eugene W. and Henrietta P. Brychek, appeal from a summary judgment of foreclosure and sale entered in the circuit court of Cook County against them and in favor of the plaintiff, M. Loeb Corporation. On appeal they contend that: (1) the trial court erred in entering summary judgment because their pleadings and affidavits contradicted the plaintiff's allegations; (2) the trial court erred in striking their responsive pleadings and in entering summary judgment against them without first having ordered discovery; (3) the trial court's order staying discovery was null and void because it modified a prior discovery order without notice, motion or affidavit by the plaintiff; (4) the trial court abused its discretion in denying their motions for change of venue; and (5) the trial court abused its discretion in awarding $10,000 in attorneys' fees and costs in favor of the plaintiff under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41).

The plaintiff brought its mortgage foreclosure action against the defendants on September 26, 1977. The defendants responded by filing a motion to strike and dismiss the complaint, a comprehensive request for production of documents, and a notice of deposition. The plaintiff also

filed discovery requests. The trial court denied the defendants' motion to strike and dismiss the complaint and ordered that the plaintiff answer discovery within 28 days from the filing of an answer by the defendants. The defendants filed an answer, affirmative defense and counterclaims. The plaintiff did not comply with discovery within 28 days of the filing of the responsive pleadings. Rather, the plaintiff filed a motion attacking the legal and factual sufficiency of the responsive pleadings. The issue of the sufficiency of the pleadings was continued for hearing.

On April 12, 1978, the trial court struck the defendants' pleadings as being legally and factually insufficient and stayed discovery. The April order recites that the parties were present by their counsel at the hearing. The transcript of the hearing is not a part of the record on appeal.

The defendants made at least three attempts over an 18-month period to state legally and factually sufficient affirmative defenses and counterclaims. From the pleadings it appears that if there was consideration for the execution of the note and mortgage it was that they were executed as security for a $40,000 debt owed by the defendants to the plaintiff. On October 18, 1978, the trial court struck and dismissed with prejudice the defendants' affirmative defenses and counterclaims and the affirmative allegations in their answer. Only the defendants' general denial was left standing.

Thereafter the defendants filed three separate petitions for change of venue, a motion to dismiss the plaintiff's complaint, motions for sanctions and for attorneys' fees under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41), a motion to file affirmative defenses and two notices of appeal each of which was subsequently dismissed. Memoranda of law were submitted by the parties and hearings were held on these motions and on various motions filed by the plaintiff.

Following hearing, the trial court granted a petition which had been filed by the plaintiff for attorneys' fees and costs under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41). On August 8, 1979, after considering affidavits and conducting a hearing on the issue of reasonable attorneys' fees, the trial court ordered the defendants to pay $10,000 to the plaintiff under section 41.

On December 17, 1979, Loeb filed a motion for summary judgment of foreclosure and sale. In its motion, Loeb requested that the decree set forth that attorneys' fees were, in addition to being recoverable under section 41, separately and independently recoverable under the terms of the mortgage and note.

In support of its motion for summary judgment the plaintiff established that the parties executed a mortgage and note in 1967. Its accountant's affidavit established the amount due under the note and mortgage. The defendants in opposition answered the motion and filed

affidavits which set forth that the defendants received no consideration or anything of value for the execution of the note and mortgage.

On April 8, 1980, after considering the pleadings and affidavits filed by the parties, the trial court entered summary judgment of foreclosure and sale. The judgment sets forth that the $10,000 previously awarded as attorneys' fees and costs was, in addition to being recoverable under section 41 of the Civil Practice Act, separately recoverable as reasonable attorneys' fees and costs under the terms of the parties' mortgage contract. The defendants make no contention on appeal concerning the attorneys' fees and costs provision of the judgment of foreclosure.

The defendants first contend that the trial court erred in entering summary judgment against them because their pleadings and affidavits contradicted the plaintiff's allegations. Specifically, they alleged to have controverted the plaintiff's allegations concerning consideration.

■■ Consideration for a promissory note is rebuttably presumed and requires no proof other than the note itself. (*In re Estate of Wetmore* (1976), 36 Ill. App. 3d 96, 343 N.E.2d 224; *Steiner v. Rig-A-Jig Toy Co.* (1956), 10 Ill. App. 2d 410, 135 N.E.2d 166.) Failure or want of consideration is an affirmative defense (Ill. Rev. Stat. 1979, ch. 110, par. 43(4)), and as such must be specially pleaded (*Ballard v. Trainor* (1936), 285 Ill. App. 509, 2 N.E.2d 375). A defense not properly pleaded is deemed waived although it may appear to be within the evidence. *Economy Truck Sales & Service, Inc. v. Granger* (1965), 61 Ill. App. 2d 111, 209 N.E.2d 1.

Here, the defendants' attempts to plead affirmative defenses and counterclaims had been stricken and dismissed with prejudice and their general denial was the only responsive pleading standing at the time of the entry of summary judgment. Therefore, the defendants' allegation that they controverted the presumption of consideration does not affect the validity of the summary decree of foreclosure, since failure or want of consideration was not properly raised and was not at issue at the time of the entry of judgment.

The defendants next contend that the trial court erred in striking their responsive pleadings and in entering summary judgment against them without first having ordered discovery. They claim that they needed discovery in order to develop "factual issues."

■■ ■ Broad discovery "regarding any matter relevant to the subject matter involved in the pending action" is authorized under the Supreme Court Rules. (Ill. Rev. Stat. 1979, ch. 110A, par 201(b)(1).) The trial judge has wide discretion in controlling the scope of discovery (*Merrick v. Continental Illinois National Bank & Trust Co.* (1973), 10 Ill. App. 3d 104, 293 N.E.2d 767), and the reviewing court will not interfere with his rulings on discovery absent a manifest abuse of discretion (*Dobbs v. Safeway Insurance Co.* (1978), 66 Ill. App. 3d 400, 384 N.E.2d 34). A trial court

does not abuse its discretion by denying discovery of a subject not relevant to the issues of the action (*Harris Trust & Savings Bank v. Joanna-Western Mills Co.* (1977), 53 Ill. App. 3d 542, 368 N.E.2d 629), and discovery should be denied where there is insufficient evidence that the requested discovery is relevant (*Borg v. Borg* (1975), 32 Ill. App. 3d 1075, 337 N.E.2d 391).

We first consider whether the trial court erred in striking the defendants' pleadings with prejudice without first having ordered discovery. The defendants do not deny that the stricken pleadings were legally and factually insufficient.

The defendants' contention that discovery should have been allowed prior to striking his pleadings with prejudice would be valid only if there is evidence that discovery was relevant to the issues. In 1977, the parties made discovery requests. The court ordered that the plaintiff answer discovery within 28 days of the filing of an answer by the defendants. The defendants filed an answer, counterclaims and an affirmative defense. The plaintiff did not comply with discovery within 28 days of the filing of the responsive pleadings. Rather, the plaintiff filed a motion attacking the legal and factual sufficiency of the responsive pleadings. The issue of the sufficiency of the pleadings was continued for hearing. Therefore, although an answer had been filed, it had not yet been determined whether the answer was legally and factually sufficient.

Following a hearing on the plaintiff's motion to strike the responsive pleadings, the trial court struck the affirmative allegations in the answer, struck the counterclaims and affirmative defense, and stayed discovery. The transcript of that hearing is not part of the record on appeal, and therefore it is impossible to determine on what grounds the court stayed discovery.

The following references to discovery were made by the defendant between the time discovery was stayed on April 12, 1978, and the time that their pleadings were stricken with prejudice on October 18, 1978. On June 15, 1978, the court heard the defendants' motion to file a first amended answer and counterclaim and the plaintiff's objections to that motion. The plaintiff's objection was that the pleadings the defendants were attempting to file merely restated the previously stricken pleadings. Defense counsel's response was that the plaintiff, in a memorandum of law, had admitted that it did not receive $40,000 as consideration for the mortgage and note and that "there are some other types of consideration that we hopefully will discover during discovery." The defendants were granted leave to file their amended pleadings.

On October 18, 1978, the court heard the plaintiff's motion to strike and dismiss with prejudice the defendants' amended pleadings and the defendants' amendment to their amended pleadings, which was filed without leave of court. In opposition to the plaintiff's motion the

defendants pointed out that the pleadings in question alleged that $40,000 was not received by the defendants, that no consideration was tendered, and that no benefit and no detriment were sustained. Defense counsel maintained that by these allegations the defendants had rebutted the presumption of consideration. The only comments made by counsel concerning discovery were the following: "possibly, your honor, we should file a bill of particulars * * *. * * * I presume it will be the onus the other way, when we file a bill of particulars, I presume we say then, yes, there was consideration, there was some detriment, and there was some benefit. I would like to know what factual aspects come forth."

It would appear then that the defendants were asserting that they needed discovery on the issue of consideration. However, as discussed above, consideration is an affirmative defense, and the defendants do not contest that they never stated a legally sufficient affirmative defense. It could be asserted that they needed discovery in order to assert a legally sufficient affirmative defense of want of consideration. However, we cannot see why facts relevant to the issue of whether the defendants received consideration for their execution of the mortgage and note would be known to the plaintiff rather than the defendants. The pleadings indicate that the mortgage and note were executed as security for $40,000 owed by the defendants to the plaintiff. The defendants never denied this. There is nothing in the record to support the conclusion that discovery was necessary in order for the defendants to allege that they did not execute the note and mortgage to secure a $40,000 debt.

We next consider whether the trial court erred in entering summary judgment against the defendants without first ordering discovery. During the proceedings between the October 18, 1978, order striking with prejudice the responsive pleading and the April 8, 1980, summary judgment of foreclosure, the defendants suggested to the trial court that their original comprehensive discovery request should be complied with before the entry of summary judgment. It appears that the defendants' contention was that they needed this discovery in order to establish lack of consideration. However, by this time during the proceedings below the defendants' attempts to establish an affirmative defense of lack of consideration had been stricken with prejudice. Therefore, the matter to which discovery might have been otherwise relevant was not at issue in the cause. Because the requested discovery was not relevant to the issues before the court, we cannot say that the trial court abused its discretion in entering judgment without ordering discovery.

Neither are we persuaded by the defendants' contention that the April 12, 1978, order staying discovery was null and void because it modified a prior discovery order without notice, motion or affidavit by the plaintiff. The parties were noticed to be before the court on April 12, 1978, on a motion to dismiss. The order staying discovery sets forth that

the parties were present by their counsel. The trial court may supervise discovery on its own initiative and without notice. (Ill. Rev. Stat. 1979, ch. 110A, par. 201(c).) Therefore, the defendants' contention does not support the conclusion that the April 12, 1978, order is null and void.

The defendants next contend that the trial court abused its discretion in denying their motions for change of venue. It is their contention that during the proceedings below the trial court displayed judicial bias and a predetermination of the cause.

Petitions for change of venue not based on specific allegations of prejudice should be granted only if presented before the judge has ruled on any substantive issue. (Ill. Rev. Stat. 1979, ch. 110, par. 503; *Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 393 N.E.2d 1365; *American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 371 N.E.2d 232.) Petitions for change of venue must be verified. Ill. Rev. Stat. 1979, ch. 110, par. 503.

During the proceedings below the defendants filed three petitions for change of venue. The first petition was not based on specific allegations of prejudice and thus should have been granted only if presented before the judge had ruled on any substantive issue. (Ill. Rev. Stat. 1979, ch. 110, par. 503.) On appeal the defendants do not appear to contest the trial court's denial of the petition for change of venue on the ground that it had, in striking and dismissing with prejudice the defendants' affirmative defenses and counterclaims, previously ruled on substantive issues. The second petition was not verified. On appeal the defendants do not appear to contest the trial court's ruling that the petition was invalid for failure to comport with the statutory requirement that such petitions be verified. Ill. Rev. Stat. 1979, ch. 110, par. 503.

The third petition was filed on February 4, 1980, and denied on February 19, 1980. As specific grounds of prejudice the defendants set forth several statements made by the trial court and several allegedly erroneous rulings which they contend show that the court had predetermined the cause. However, in their brief the defendants set forth as the only basis for their allegations of prejudice statements and findings made by the trial court on October 18, 1978, and May 23, 1978.

■■ While petitions for change of venue not based on specific allegations of prejudice may be granted only if presented before the judge has ruled on substantive issues (Ill. Rev. Stat. 1979, ch. 110, par. 503), where specific grounds occur after the trial court has ruled on substantive issues, a petition for change of venue may be presented based upon such grounds (Ill. Rev. Stat. 1979, ch. 110, par. 503). However, the existence of specific allegations as grounds for prejudice does not extend the time for filing the petition for change of venue indefinitely. Here, the alleged grounds occurred on October 8, and May 23, 1979. The defendants were present when the court made the statements which are the grounds they allege as

prejudice. Thereafter, on October 29, 1979, and December 17, 1979, the court made rulings on substantive issues. It was not until Februry 4, 1980, that the defendants filed their petition for change of venue. Because nearly nine months had passed since the last instance which the defendants argue as grounds of prejudice, and because in the interim the court ruled on substantive issues, we do not believe the defendants' petition was timely filed. Accordingly we cannot accept their contention that the court abused its discretion in denying their third petition for change of venue.

The defendants also contend that the trial court abused its discretion in awarding $10,000 in attorneys' fees and costs under section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 41.) The plaintiff responds that even if the section 41 relief had been granted improperly, it is entitled to the $10,000 as attorneys' fees and costs under the trial court's judgment of foreclosure, which sets forth that the sum was recoverable as a contractual obligation under the mortgage in addition to being recoverable under section 41.

Although the trial court had granted attorneys' fees under section 41, in its motion for summary judgment of foreclosure the plaintiff requested that the judgment set forth that the attorneys' fees were, in addition to being recoverable under section 41, separately and independently recoverable under the terms of the mortgage contract. The summary judgment contains the requested order, which was entered after the trial court considered the affidavits of plaintiff's counsel setting forth, with great specificity, the number of hours expended, the manner in which the time was expended, and the hourly rate requested. Additionally, there was a hearing to establish reasonable attorneys' fees, and at that time the defendants had the opportunity to, and did in fact, cross-examine the plaintiff's witnesses.

■■ There was ample evidence in the record from which the trial court could award $10,000 as fees and costs under the mortgage and note, and the defendants do not appeal from or contest in any way the trial court's finding in its judgment of foreclosure that the $10,000 awarded was, in addition to being recoverable under section 41, separately recoverable under the mortgage and note. Therefore, no legal effect would follow from the reversal of the trial court's award of fees under section 41. Consequently, the question of whether the award of fees under section 41 was supported by the record is moot, and we do not consider it. See *National Jockey Club v. Illinois Racing Com.* (1936), 364 Ill. 630, 5 N.E.2d 224; *Goers v. Carpentier* (1960), 27 Ill. App. 2d 355, 169 N.E.2d 858.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P. J., and LINN, J., concur.