111 Ill. App.3d 254 (1982)
443 N.E.2d 1065
CULLIGAN ROCK RIVER WATER CONDITIONING COMPANY, Plaintiff-Appellee and Cross-Appellant,
v.
ORVAL L. GEARHART III et al., Defendants-Appellants and Cross-Appellees.
No. 81-1034.
Illinois Appellate Court  Second District.
Opinion filed December 9, 1982.
*255 William E. Arnold, of Besse, Fry, Arnold & Brooks, of Sterling, for appellants.
Patrick E. Ward, of Dixon, for appellee.
Judgment affirmed.
JUSTICE UNVERZAGT delivered the opinion of the court:
Plaintiff, Culligan Rock River Water Conditioning Company, instituted this action for replevin to recover possession of certain of its property unlawfully held by defendants, Orval L. Gearhart III and Edward Gearhart, and to recover damages from defendants for the use of said property. After the hearing, the trial court ordered the issuance of a writ of replevin for the property described in the complaint and assessed damages against defendants in the amount of $6,000 plus costs. The trial court granted a rehearing and modified its original award and assessed damages against defendants in the amount of $3,720 plus costs.
Defendants appeal contending: (1) plaintiff has an affirmative duty to mitigate its damages, (2) defendants, as corporate stockholders, were not liable for the debts of their corporation and (3) defendants were not unjustly enriched so as to justify an award of damages *256 against them. Plaintiff cross-appeals and contends that the trial court erred in modifying and reducing its original damage award.
The record establishes that, on May 13, 1976, a company known as Dawson's Servisoft, Incorporated (Dawson), assigned all contracts and agreements between Dawson and its customers to plaintiff. This assignment included several contracts executed by and between Dawson and a partnership known as 1249 Galena Motel Limited Partnership for the rental and maintenance of several water softener units at a Ramada Inn in Dixon, Illinois. On April 7, 1976, the 1249 Galena Partnership assigned its right, title and interest in that Ramada Inn to defendants, effective June 1, 1976. The complaint sought issuance of a writ of replevin for recovery of a water softening unit leased and delivered to the Ramada Inn on July 2, 1976, and an assessment of damages for rental thereof.
At the first hearing on the matter defendants failed to appear and, in consequence, the evidence was limited to the testimony of the plaintiff's local manager, Ken Sippel. Judgment was entered in favor of the plaintiff in the amount of $6,000, and the trial court ordered the issuance of a writ of replevin for the subject water softener. Thereafter, pursuant to defendants' motion, the trial court granted a new hearing on the matter.
At the second hearing, the testimony given by Mr. Sippel at the prior hearing was incorporated therein and constituted plaintiff's entire case in chief. Sippel testified that, on or about July 2, 1976, he installed a water softening unit at the Ramada Inn restaurant in Dixon pursuant to the request of Bill Schell, an employee at the Ramada. Said unit replaced the existing water softener, previously installed by Dawson, which had ceased to function. Sippel was told by Schell that a Mr. Gearhart had directed Schell to have plaintiff replace the unit. One or two days after the unit was installed, Sippel requested that Edward Gearhart sign a rental contract for the water softener. Gearhart refused on the basis that his counsel had advised him not to sign any contract. Notwithstanding the absence of a contract, plaintiff serviced the unit on at least three occasions subsequent to installation. Sippel testified that the reasonable rental value for the unit ranged from $60 in 1976 to $120 in 1980 and 1981, and that defendants had not paid any rent whatsoever on the unit; said rates being monthly charges.
Orval Gearhart III testified that on June 1, 1976, he and his brother, Edward Gearhart, acquired the beneficial interest in the subject Ramada Inn. Gearhart then attempted to introduce testimony to the effect that on June 1, and thereafter, the Ramada Inn was operated *257 by a corporation known as Dixon Corporate Systems, Ltd. Orval and Edward Gearhart were the incorporators of said corporation and were the sole shareholders thereof. This testimony was interposed in an attempt to establish that the corporation, rather than the defendants individually, would be liable for any damages in connection with the water softening unit. The trial court refused to allow the admission of any testimony regarding the corporate entity. The court concluded that defendants were extremely dilatory in failing to interpose this theory earlier and any further delay in the proceedings was unwarranted.
Mr. Gearhart also testified that on June 30, 1977, he and Edward assigned their beneficial interest in the subject property to Orval Gearhart, Jr., defendants' father. Since that date Edward had had no interest in the property. Gearhart stated that from June 1977, until September 10, 1981, the restaurant was operated by various third parties under contracts for purchase or lease arrangements. Orval or his father did operate the restaurant periodically during that time.
Edward Gearhart testified that he did not receive any demands for rent on the unit until after he had assigned his beneficial interest to his father. He did indicate, however, that he refused to sign a contract for the unit which had been tendered by Ken Sippel. Finally, he did not remember telling Bill Schell to obtain the subject unit from plaintiff. Orval Gearhart, Jr., testified and substantiated various portions of the defendants' testimony.
After presentation of all evidence, the trial court modified its prior judgment and reduced the damage assessment against defendants from $6,000 to $3,720. The court concluded that both parties should have attempted to mitigate their damages soon after the initial installation of the unit. Consequently, the court assessed damages against the defendants on the basis of the original rental value of the unit ($60 per month), and refused to compensate the plaintiff for the increased rental amount which it might have received in subsequent years. These appeals followed.
Defendants contend that plaintiff's four-year delay in filing suit to recover its property clearly constituted a failure to mitigate damages. As such, they urge that the plaintiff is not entitled to any damages whatsoever. In contrast, plaintiff asserts that mitigation of damages does not apply to replevin actions and, consequently, the trial court erred in reducing the original damage award.
Section 23 of the replevin act (Ill. Rev. Stat. 1979, ch. 119, par. 23, recodified at Ill. Rev. Stat. 1981, ch. 110, par. 19-125) provides that a plaintiff who recovers a judgment in replevin shall recover *258 damages for the detention of the property while the same was wrongfully detained by the defendant. Illinois courts have held that damages awarded under this provision are intended to provide full indemnity for damages suffered. (Cottrell v. Gerson (1939), 371 Ill. 174; Welch v. Brunswick Corp. (1973), 10 Ill. App.3d 693, aff'd in part and rev'd in part on other grounds sub nom. S.T. Enterprises v. Brunswick Corp. (1974), 57 Ill.2d 461.) Where the property is recovered, plaintiffs are entitled to the reasonable value of the use of said property during the period of wrongful detention as well as depreciation in the value of the property while unlawfully detained. Cottrell v. Gerson (1939), 371 Ill. 174; Welch v. Brunswick Corp. (1973), 10 Ill. App.3d 693, rev'd on other grounds; Larson v. Mobile Home Finance Co. (1967), 83 Ill. App.2d 210; see also S.T. Enterprises v. Brunswick Corp. (1974), 57 Ill.2d 461.
Here, the trial court originally based its damage award on Ken Sippel's testimony regarding the reasonable rental value from 1976 through 1981. No damages for depreciation in value of the property were included. In view of the foregoing cases, this award was not unreasonable. Thereafter, however, the trial court reduced the damages in light of plaintiff's failure to mitigate its damages by not filing suit to recover its property earlier. Notwithstanding plaintiff's assertions to the contrary, we deem this reduction in damages to be warranted.
 1 As a general proposition, the law imposes upon a party, injured from another's breach of contract or tort, the active duty of making reasonable exertions to render the injury as light as possible. If, by this negligence or wilfulness, he allows the damages to be unnecessarily enhanced, the increased loss, that which was avoidable by the performance of his duty, falls upon him. (See, e.g., Ashe v. Sunshine Broadcasting Corp. (1980), 90 Ill. App.3d 97; Smiley v. Manchester Insurance & Indemnity Co. (1977), 49 Ill. App.3d 675, aff'd (1978), 71 Ill.2d 306; Elgin, Joliet & Eastern Ry. Co. v. American Commercial Line, Inc. (N.D. Ill. 1970), 317 F. Supp. 175; Fruehauf Trailer Co. v. Lydick (1944), 325 Ill. App. 28.) This doctrine, known as mitigation of damages, applies in virtually every type of case in which the recovery of a money judgment or award is authorized. (Kelly v. Chicago Park District (1951), 409 Ill. 91.) Although an action in replevin is primarily one for possession (Harris-Intertype Corp. v. Donley Bindery Co. (1975), 26 Ill. App.3d 140, a money judgment is clearly authorized under the replevin act (Ill. Rev. Stat. 1979, ch. 119, pars. 23, 24, recodified at Ill. Rev. Stat. 1981, ch. 110, pars. 19-125, 12-126). Therefore, the trial court's application of the mitigation of damages doctrine to this action was not unreasonable. The doctrine *259 has been applied in replevin cases from other jurisdictions. See, e.g., Hoff v. Lester (1946), 25 Wash.2d 867, 168 P.2d 409, although we find no Illinois case on point.
Defendants' contention that plaintiff is not entitled to any damages whatsoever, is not well taken. The evidence establishes that defendants had the benefit of the subject property for five years without paying any rental thereon. Moreover, they refused to return the property despite numerous demands made upon them therefor. Consequently, while plaintiff is not entitled to the full rental value of the property due to its failure to mitigate damages, defendants should be required to pay a reasonable rental for use of the property.
Defendants next assert that they are not liable on any implied contract with plaintiff since the Ramada Inn was operated by their corporation, Dixon Corporate Systems, Ltd., rather than by the defendants individually. Defendants appear to ignore the fact that the trial court excluded substantially all evidence on this issue. Moreover, the trial court sustained plaintiff's objections to the testimony on this issue which had been admitted, although said testimony was not specially stricken. As such, defendants are deemed to have waived any error relating to the trial court's exclusion of said evidence. 87 Ill.2d R. 341.
 2 Even if the issue was not waived, the trial court was justified in excluding that evidence. The court reasoned that defendants did not include this theory as an affirmative defense in their motion to dismiss, their answer or at the first hearing on the matter. Further, the inclusion of that theory would have necessitated a postponement of the second hearing in order for plaintiff to prepare its case in connection with the new theory. The court was correct in this regard in light of the fact that the second hearing itself was necessitated by defendants' failure to appear at the first hearing. Consequently, the court was justified in concluding that any facts constituting a defense must be plainly set forth in the answer and a defense not properly pleaded is deemed waived. (M. Loeb Corp. v. Brychek (1981), 98 Ill. App.3d 1122; Kermeen v. City of Peoria (1978), 65 Ill. App.3d 969; see also Ill. Rev. Stat. 1979, ch. 110, par. 43(4), recodified at Ill. Rev. Stat. 1981, ch. 110, par. 2-613(d).) Additionally, defendants made no attempt to present a motion for an amendment of their pleadings. Even if such a motion had been made, the trial court would have been justified in denying it due to defendants' dilatory behavior. United Air Lines, Inc. v. Conductron Corp. (1979), 69 Ill. App.3d 847.
It is evident that defendants' assertion does not succeed even if we assume that enough evidence was presented in the record to establish *260 that defendants' corporation ran the Ramada Inn. The best that defendants could hope to establish is that the corporation acted as an agent on behalf of defendants as owners of the property. It is axiomatic that the acts of an agent are considered to be those of the principal (John Deere Co. v. Metzler (1964), 51 Ill. App.2d 340), and contracts executed by an agent in managing the property of its principal are binding on said principal. Roscoe Co. v. Lewis University, College of Law (1979), 79 Ill. App.3d 1098.
 3 Defendants finally urge that they are not liable for rent on the water softening unit by virtue of the fact that they did not receive the benefit of said unit. They base this contention on the fact that the restaurant portion of the Ramada Inn was primarily operated by a series of third parties who ran the restaurant pursuant to lease agreements or contracts for purchase. No documents or testimony were introduced which would indicate the existence of assignments of the rights and liabilities to the subject water softening unit running from defendants or their successors to said third parties. Absent said assignments, defendants would still be liable for the unit.
Although it appears the defendants assigned their beneficial interest in the property to their father in 1977, it is well established that a defense not properly pleaded is deemed waived, although it may appear to be within the evidence. (M. Loeb Corp. v. Brychek (1981), 98 Ill. App.3d 1122; Economy Truck Sales & Service, Inc. v. Granger (1965), 61 Ill. App.2d 111.) Therefore, defendants have waived the issue of ownership. In any event, this issue was not specifically raised on appeal.
For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.
Judgment affirmed.
HOPF and NASH, JJ., concur.