PHILLIP EATON *et al.*, Plaintiffs-Appellees, v. JAMES S. JACKSON *et al.*,
Defendants-Appellants.

First District (3rd Division)   No. 83—2506

Opinion filed November 21, 1984.

Crooks & Gilligan, Inc., of Chicago (John W. Gilligan, of counsel), for appellants.

Gordon & Gordon, Inc., of Chicago (Gilbert W. Gordon, of counsel), for appellees.

894

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Phillip and Phyllis Eaton, brought this action seeking damages for injuries sustained when Phillip Eaton was struck by a bus. On May 15, 1980, while exiting the Chicago International Art Exposition at Navy Pier, Phillip Eaton was struck by a shuttle bus driven by James S. Jackson and owned by Alpha School Bus Company, Inc. (Jackson defendants). Plaintiffs filed a two-count complaint seeking damages for Phillip's personal injuries and Phyllis' loss of consortium. Plaintiffs later amended the complaint to include an additional claim by Phyllis for negligent infliction of emotional distress.

In addition to Jackson, plaintiffs named as defendants the Chicago International Art Exposition and the city of Chicago (city defendants); the Chicago Motor Coach Company (which was voluntarily dismissed during trial); and Andy Frain, Inc. Counterclaims for contribution were filed among the various defendants.

On May 19, 1983, the first day of trial, the city entered into a settlement agreement providing for a $90,000 payment to Phillip and a $60,000 payment to Phyllis. On the same day, the trial court granted Frain's motion for summary judgment. Plaintiffs did not oppose the grant of summary judgment, and Jackson did not oppose the city settlement or the Frain summary judgment.

The trial proceeded with only Jackson as defendants. Prior to the selection of the jury, plaintiffs voluntarily dismissed Phyllis' claim for negligent infliction of emotional distress. At the conclusion of all the evidence, plaintiffs dismissed Phyllis' claim for loss of consortium. The jury returned a verdict in favor of Phillip in the amount of $722,000 and reduced it by 58% for comparative negligence to $300,000. The trial court allowed an additur of $3,240 to correct the computational error and entered judgment. Jackson sought a remittitur of the judgment in the amount of plaintiffs' settlement with other defendants and appeals the trial court's denial of a complete set-off of all amounts received by plaintiffs.

Jackson filed a timely post-trial motion and then more than 30 days after judgment filed a motion to "Correct the Amount of Judgment" asking the trial court for a credit against the judgment for the amounts paid to plaintiffs by the city.

At the hearing on that motion, counsel for Jackson advised the court that he had heard rumors that Frain had paid consideration to plaintiffs. Frain's counsel denied to Jackson's counsel that it paid any money to plaintiffs. When ordered to do so by the court, plaintiffs' counsel admitted that Frain had paid plaintiffs $60,000 for a "waiver of appeal." Frain gave three checks, one payable to Phillip for $5,000

and two checks payable to both plaintiffs for $7,500 and $47,500. The waiver of appeal was dated May 19, 1983.

On July 21, 1983, Jackson filed a motion to dismiss and an amendment to the post-trial motion. Jackson argued that the waiver of appeal was a general release of all the defendants, requiring a dismissal, and that in any event Jackson was entitled to a $60,000 credit against the judgment.

The trial court denied the motion to dismiss. The court also found that the request to set off the $60,000 payment by the city to Phyllis was untimely, and it was denied. The court, however, allowed the motion with respect to the Frain payment and set-off $32,500 against the judgment, one-half of the $55,000 payments made to both plaintiffs and the full $5,000 payment made only to Phillip. The court also granted a credit to Jackson for the $90,000 payment to Phillip by the city. The court thereby reduced the judgment in favor of Phillip to $180,740.

On appeal Jackson contends that the trial court erred in denying a credit against the judgment for the $60,000 payment to Phyllis by the city and for the $27,500 payment by Frain.

■ We initially hold that the trial court properly refused to consider the payment by the city to Phyllis. Jackson was fully aware of that settlement agreement with Phyllis when it was approved by the trial court. Nevertheless, Jackson did not complain or allude to the payment by the city to Phyllis in the post-trial motion. Consequently, Jackson has waived that issue on appeal. *Chloupek v. Jordan* (1977), 49 Ill. App. 3d 809, 364 N.E.2d 650.

■ ■ Jackson also contends that the trial court erred in evenly allocating the $55,000 payment by Frain to both plaintiffs. Jackson urges that the entire sum should have been credited against the judgment. According to Jackson, Phyllis' damages, if any, were derivative to Phillip's cause of action, and since she did not dismiss her claim until the conclusion of all the evidence, the jury awarded damages to the family unit. Relying principally on *Dick v. Gursoy* (1984), 124 Ill. App. 3d 185, 463 N.E.2d 1322 (supp. op. filed July 20, 1984), Jackson argues that he is entitled to all settlement amounts which Phyllis received from Frain.

In *Dick v. Gursoy*, plaintiff proceeded against one defendant on a claim for wrongful death and a survival action. The jury returned verdicts of $100,000 and $200,000 respectively. Following the verdict, plaintiff successfully maintained in the trial court that the $260,000 settlement with the other defendants was for a release of only the wrongful death claim and that the settlement could only be set off

against the $100,000 verdict on that claim. This court pointed out the unfairness of allowing plaintiff to wait until after the verdict and then allocating the funds. We then held the long-standing policy of protecting nonsettling parties and preventing double recovery required reversal.

In the present case, however, plaintiffs and Frain demonstrated their intent to settle both the claim of Phillip and the claims of Phyllis by making checks payable to both plaintiffs and did so prior to verdict. This agreement did not grant plaintiffs a double recovery or expose Jackson to additional liability. Phyllis had viable claims, as evaluated by the settling defendants, and her dismissal of those claims against Jackson and the subsequent refusal to set off her share of the settlements did not result in double recovery for Phillip. Moreover, the jury was instructed to consider only Phillip's injuries. In the entire trial, there was only one reference to Phyllis' claims, and that was her nonresponsive answer to a question regarding the effect of Phillip's injury. There is nothing in the record to suggest that the jury gave a verdict to the family or that the jury considered Phyllis' claims after they were instructed that she was no longer a party to the lawsuit. Although we do not approve of the covert nature of the settlement between Frain and plaintiffs, we find that the trial court properly divided the claim in setting off $32,500 of the $60,000 Frain settlement. The determination as to which of several claims a settlement should be attributable to is a matter addressed to the sound discretion of the trial court. (*McDaniel v. Hoge* (1983), 120 Ill. App. 3d 913, 458 N.E.2d 1063.) The trial court here did not abuse that discretion.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.